CHIEF JHSTICE ROBERTSON
delivered the opinion op the court.
The appellant, Susan E. Hays, by her next friend, filed a petition in the Kenton Circuit Court, alleging substantially *490 that, owning a tract of land in Kenton County, she in the year 1835 intermarried with Henry J. Hays, with whom she cohabited for several years; that in the year 1844, after the birth of four children, and when she had become a hopeless lunatic, he sold and conveyed her land to one Wolfe, under whom the appellees hold as remote vendees; that, her husband neglecting her, she afterward was divorced from him by a decree of the Kenton Circuit Court; that thereby her sole title reverted; and therefore she asks a judgment for the possession of her land, even though her husband still lives; and she, never having been restored, is now in the lunatic asylum.
A demurrer admitting these allegations was sustained, and and her petition dismissed.
The correctness of that judgment presents the only question for revision on this appeal.
It seems to this court that the facts thus presented constitute a good cause of action, according to the principles of the common law, which must chiefly govern this case.
The husband’s conveyance of a fee was, under our statutory law, effectual to pass all the title he had, but could pass no more. And his title, resulting altogether from the marriage, ceased with the legal dissolution of that union as certainly and as effectually as it would have terminated by his death. In this respect the divorce was a civil death. Dissolving the marital relation, it restored the liberated wife to her exclusive right to her land, which had not been legally disposed of by the husband beyond the subsistence of the marriage. The incident fell with the principal. Our statutory law provides that a divorce destroys the husband’s potential right to curtesy. And this accords with the principle -which defines his common law interest in the land of his wife; for, though it is loosely said to continue “ during their joint lives,” yet this necessarily means their joint lives as husband and wife. Any other interpretation would absurdly make the incident *491 survive the principal, and tbe dependent stream run without its supplying fountain. Such is tbe law as well as the logic of this case. Consequently, as the appellant’s title is not affected by ber lunacy, and ber husband’s disposition of the land beyond the period of the divorce was void, she was entitled to restitution when tbe divorce was granted.
Wherefore tbe judgment dismissing ber petition is reversed, and the cause remanded for further proceedings.