MARY C. HERRICK *v.* J. F. HERRICK.

**Husband and Wife—Right to Rents of Wife's Land.**

Whether, under the statute, the death of the husband invests the wife with the right to collect and appropriate the rents accruing on

an unexpired lease of the wife's land, or whether the right passes to the personal representative of the husband, is a question on which the court was equally divided.

### PETITION TO MODIFY OPINION.

### APPEAL FROM MADISON CIRCUIT COURT.

March 18, 1874.

OPINION BY JUDGE LINDSAY:

This court did not intend to disturb the judgment of the court below, so far as it allowed appellee to retain the rents accruing during the year in which the divorce was adjudged. We have held that a decree of divorce terminates the husband's estate in the land of the wife, the same as it is terminated by his death. Susan E. Hays v. Sanderson & Wife, 7 Bush 489. Whilst the marriage is in existence, the husband may lease the wife's land not exceeding three years. This court, as now constituted, has twice divided equally as to whether, under the Revised Statutes, the death of the husband invested the wife with the right to collect and appropriate the rents accruing on an unexpired lease, or whether this right passed to the personal representative of the husband. There is nothing in this case calculated to induce that portion of the court inclining to the latter conclusion to abandon their convictions on this subject.

The petition for a modification of the opinion is overruled.

*Burnam, for appellant.*

*Carpenter, Bennett, for appellee.*