PROVIDENCE MOUNTS *v.* R. DUNVILLE'S HEIRS ET AL.

**Divorce—Effect of Decree.**

A decree of divorce is binding upon all other tribunals or proceeding, direct or collateral, whether between the same parties and other privies or between strangers.

APPEAL FROM WEBSTER CIRCUIT COURT.

April 17, 1874.

OPINION BY JUDGE PETERS:

In Bishop, on Marriage and Divorce, Sec. 754, it is said: "Whatever be the authority of the court which pronounces a sentence of divorce or of nullity, to revise or reverse it on a proceeding instituted for that purpose, still, while it remains a sentence, it is, if free from fraud and collusion, binding on that tribunal in all collateral proceedings, and upon all other tribunals, in all proceedings direct

and collateral, whether between the same parties, and their privies, or between strangers, not only in the country where the sentence was rendered, but in all foreign countries." The jurisdiction of the court that pronounced the sentence divorcing appellant and his wife, over the subject-matter, can not be questioned.

The divorce dissolved the marital relation and restored Mrs. Mounts to her exclusive right to her land; and our statutory law provides that a divorce destroys the husband's potential right to curtesy. Susan E. Hays v. Sanderson and Wife, 7 Bush 489.

Petition overruled.

*Cook & Givens, for appellant.*

*D. H. Hughes, Bush, for appellees.*